G. L. BRIGHT v. T. H. HEWES et al.—CITY OF NEW ORLEANS, Intervenor.

Where the City Attorney of New Orleans obtained judgment against delinquent tax payers, for taxes, and before the judgments were paid and satisfied was removed from office, and his successor claimed for the City the per centage allowed the City Attorney for the collection of taxes :

*Held :*—That the City attorney who obtained the judgments is entitled to the five per cent. on the amount collected on said judgments, and his successor in office has no authority to interfere and enjoin the sheriff from paying the per centage to the attorney who obtained the judgments.

That the five per cent. allowed the City Attorney for collecting city taxes is not the property of the city.

APPEAL from the Third District Court of New Orleans, *Fellowes,* J.
G. L. *Bright, E. Moise* and *E. W. Huntington,* for appellant. C. *Dufour,* for appellees.

HOWELL, J. This is an injunction suit to restrain the defendant, Hewes, as city attorney, from receiving and collecting the commissions granted as attorney's commissions in the judgments obtained by plaintiff, his predecessor in office, for taxes in the years 1861, 1862 and 1863, and to enjoin the sheriff from paying over to said defendant such commissions as come into his hands by virtue of executions issued by plaintiff.

The defendant, Hewes, answered that he was instructed by the city to take control of all proceedings for the collection of said taxes, and settle therefor with the sheriff and city treasurer; that the commissions in ques-

tion are not due to plaintiff, but to respondent; because the judgments obtained by the former were illegal and void, and were made valid by respondent's exertions ; he asked that the city be made party and the injunction dissolved.

The city intervened, confirming the instructions to defendant and denying plaintiff's right to said commissions :

1. Because, as city attorney, he cannot receive extra fees in the way of commissions or otherwise.

2. Because all commissions allowed for the judicial collection of taxes are due to the city, against which the attorney must make his demand for them.

3. Because the judgments obtained by plaintiff were void, by reason of his failure to affix the stamp required by law to the process in each case, and thus exposing the city to the penalties in such cases provided; which judgments were subsequently made valid through the exertions of the defendant.

4. Because plaintiff has declined to act in the very cases for which he claims commissions.

5. Because, under existing laws, the "commissions are due upon the amount collected," and not upon the judgments rendered, and the claim for them must be made against the city.

Judgment was rendered in favor of plaintiff, perpetuating the injunction, and the defendant and the city appealed,

Conceding that the judgments obtained by plaintiff were null for the cause alleged, upon which we express no opinion, we cannot perceive how the defendant could make them valid by a subsequent affixing of the stamps. The record shows, however, that the judgments were not treated as nullities by the debtors or other parties. What the defendant did in the premises, under the authorization of the collector of internal revenue, probably relieved the city from the penalties denounced by the Act of Congress, and for which, possibly, plaintiff may have been responsible to the city in damages, if incurred by his fault ; but it could not have the effect of transferring to defendant the right to the compensation due for plaintiff's services.

1. The first ground of objection on the part of the city is removed by the military order assigning to the city attorney the duties and compensation of the assistant city attorney. It does not give extra compensation to him as city attorney, but compensation for additional duties.

2 and 5. The second and fifth grounds are similar, and involve the questions, whether or not the city is entitled, under the judgments for taxes, attorney's commissions and costs, to receive the commissions, and the attorney is to demand them of it, and to what extent he is to be paid.

As the object of this proceeding, as avowed by the plaintiff himself, is to stop in the hands of the sheriff the "attorney's commissions" allowed

in the judgments *collected* by that officer, we think it would be a vain thing to require the sheriff to pay them to the city, and require the plaintiff to demand them of the latter. But, in the case of *Hiestand* v. *Labatt*, 11 A. 30, it was held that the attorney who obtained the judgments was entitled to *receive from the sheriff* the commissions collected in such cases. *General Order No.* 124, under which plaintiff proceeded, authorized a judgment for "attorney's commissions, at the rate fixed by law," without restriction as to the mode in which the attorney should receive them. This order is materially different from, though not exclusive of, other remedies, and establishes a different mode of proceeding, and changes the rights, duties and remedies of all parties affected. It is another law for collecting the taxes for the years named, independent of existing statutes, and must be held to regulate the rights of the parties, where distinctly prescribed. It authorized the city attorney to proceed very summarily in the collection of the taxes, and secured his fee.

The 5th section of the Act of 1859 (p. 141 Session Acts), passed since the decision in the above case, and relied on by the counsel for the city, provides that, to each bill confided to the attorney for collection there shall be added a commission of five *per cent. per annum* on the amount of the bill, which commission shall be paid by the defaulting tax-payer, and shall be received by the attorney in full compensation for his services, but only *on the amount* actually paid into the treasury. The object of this section, if applicable to this branch of this case, seems to be to make the debtor pay the attorney's fee, and to relieve the city from any liability for it, by limiting the attorney's right to compensation to the per cent. on the amount actually collected. Plaintiff in this case *claims only the commissions on the amounts realized by the city*, and he is seeking to prevent them from being paid to his successor, who, it seems, was instructed and authorized by the city "to take charge and control of proceedings and collections regarding the tax receipts for the years 1861, 1862 and 1863, and to settle and determine with the sheriff and city treasurer all matters connected with those receipts," upon which plaintiff obtained judgments and issued executions, and for which, we think, he is, under the circumstances and pleadings, entitled to the commissions on all sums or judgments actually collected.

3. The third ground is already disposed of in considering the defence set up by the defendant.

4. The fourth ground is not satisfactorily sustained by the evidence. It is not definitely shown that the suits, in which the sheriff's fees were claimed, and upon the legality of which fees plaintiff declined to give an opinion, were the tax suits. But if they were, we are not prepared to say, upon the evidence, that plaintiff declined to collect the judgments obtained by him, and which he was permitted to undertake. He simply declined to give advice, which he thought it would be improper for him to do, as the city had a legal adviser. We presume, from the record and the

authorities quoted by him, that he undertook to collect the judgments in order to secure the commissions earned by him. See 11 A. 30; 12 A. 485; 14 A. 137, 332; General Order, 124, Dep. of the Gulf.

It is therefore ordered, that the judgment appealed from be affirmed, with costs.